IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SUNCOR ENERGY INC., | § | |
| | § | No. 137, 2026 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N25C-02-418 |
| MAGELLAN PIPELINE | § | |
| COMPANY, L.P., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | | |

Submitted: March 30, 2026
Decided: May 27, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1) In 2015, Suncor Energy Inc. ("Suncor Canada"), a Canadian corporation, and Magellan Pipeline Co., L.P. ("Magellan"), a Delaware limited partnership, executed a general Parent Guaranty. By its terms, Suncor Canada entered the Parent Guaranty "in order to induce" Magellan to enter into transactions with certain of Suncor Canada's wholly owned subsidiaries. Accordingly, under the Parent Guaranty, Suncor Canada guaranteed to Magellan "the prompt payment and performance when due" of the obligations and liabilities that Suncor Canada's

subsidiaries owe to Magellan under contracts between Magellan and those subsidiaries. In 2022, the Parent Guaranty was amended to add Suncor Energy (U.S.A.), Inc. ("Suncor"), a Delaware corporation and wholly owned subsidiary of Suncor Canada, as a covered subsidiary.

(2) In December 2023, Magellan and Suncor entered into multiple contracts involving the storage and transportation of certain Suncor petroleum products, including the Dupont Storage and Terminalling Agreement (the "Terminalling Agreement") and an amendment to the parties' previously executed Ethanol Storage Services Agreement (together with the Terminalling Agreement, the "Agreements"). The Terminalling Agreement provided, among other things, that on or before its effective date, Suncor was required to deliver to Magellan an amendment to the Parent Guaranty that specifically included the Terminalling Agreement as a covered transaction and more than doubled the amount guaranteed. That amendment was produced, and it was executed simultaneously with the Agreements. After Suncor allegedly breached the Agreements, Magellan demanded payment from Suncor and then Suncor Canada when Suncor failed to pay. When neither entity paid, Magellan sued Suncor for breach of the Agreements and Suncor Canada for breach of the 2015 Parent Guaranty, as amended. Suncor Canada moved to dismiss for lack of personal jurisdiction.

(3)     On February 26, 2026, the Superior Court denied Suncor Canada's motion (the "MTD Order").[1] In so doing, the court found that "the statutory jurisdictional hook in this case comes from the 2022 Amendment to the Parent Guaranty when Suncor Canada agreed with Magellan to cover its wholly owned Delaware subsidiary in order to induce Magellan to enter into the Agreements with Suncor, and the simultaneous amendment of that Guaranty to sweep the Agreements into the defined guaranteed Transactions with a concomitant more-than-doubling of the guaranteed sum."[2] Suncor Canada asked the Superior Court to certify an interlocutory appeal of the MTD Order under Supreme Court Rule 42. Magellan opposed the application.

(4)     On March 30, 2026, the Superior Court denied Suncor Canada's application.[3] The court first found that the MTD Order did not decide a substantial issue of material importance—a threshold inquiry under Rule 42—noting that this Court has repeatedly held that a denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue. Although the court could have ended its analysis there, it nevertheless addressed the Rule 42(b)(iii) factors cited by Suncor Canada. As to factor A (the interlocutory order

---

[1] *Magellan Pipeline Co., L.P. v. Suncor Energy (U.S.A.) Inc.*, 2026 WL 766429, at *1 (Del. Super. Ct. Feb. 26, 2026).
[2] *Id.* at *7 (cleaned up).
[3] *Magellan Pipeline Co., L.P. v. Suncor Energy (U.S.A.) Inc.*, 2026 WL 865686, at *5 (Del. Super. Ct. Mar. 30, 2026).

resolves a novel question of law), the court concluded that the MTD Order had not created new law but had merely applied existing personal-jurisdiction jurisprudence to the specific facts of this case. Relatedly, the court disagreed that factor B (the interlocutory order conflicts with other trial court decisions) weighed in favor of certification. And, although the Superior Court agreed that factor D (the interlocutory order has sustained the controverted jurisdiction of the trial court) supported certification, the court concluded that this factor alone was not enough to warrant certification. Finally, the court determined that factor H (interlocutory review would serve considerations of justice) did not favor interlocutory review because there was no particular urgency to justify litigating the issue before the entry of a final judgment. Observing that the MTD Order was not an exceptional decision but rather a routine denial of a motion to dismiss for lack of personal jurisdiction, the court denied Suncor Canada's application.

(5)    We agree that interlocutory review is not warranted here. Applications for interlocutory review are addressed to the sound discretion of the Court.[4] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Interlocutory review would not end the litigation against Suncor in any event, exceptional

---

[4] Del. Supr. Ct. R. 42(d)(v).

4

circumstances that would merit interlocutory review of the MTD Order do not exist in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[6]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] Del. Supr. Ct. R. 42(b)(ii).
[6] Del. Supr. Ct. R. 42(b)(iii).